### IN THE

# Supreme Court of Judicature

#### OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1902, AND NOVEMBER TERM,
1902, IN THE EIGHTY-SIXTH AND EIGHTY-SEVENTH
YEARS OF THE STATE.

---

## WHICKER v. HUSHAW ET AL.

### [No. 19,861. Filed June 4, 1902.]

MORTGAGES.—*Assumption by Vendee.*—*Executory Contract.*—The fact
that the assumption of a mortgage indebtedness is an executory
contract will not prevent the person holding the mortgage from
availing himself of it while it yet remains the agreement of the
vendor and vendee. *pp. 3, 4.*

SAME.—*Assumption by Vendee.*—*Executory Contract.*—In an action by
a mortgagee to enforce a mortgage against a vendee who assumed
the payment of the mortgage in an executory contract with the
vendor, the burden is on the vendee to show that the deed executed
by the vendor contained contractual recitals which changed the
rights of the parties to the contract. *p. 4.*

SAME.—*Assumption by Vendee.*—*Executory Contract.*—*Expressio Unius,
Exclusio Alterius.*—*Ejusdem Generis.*—An executory contract for the
sale of real estate provided that the vendor should sell and convey
the real estate described to vendee "by good and sufficient war-
ranty deed," the vendee to pay a certain amount in cash, upon
the delivery of the deed, and assume "all unpaid taxes and mort-
gages shown of record, and all other liens on said lands, including
the attachment proceeding now pending." The contract was
consummated on the part of vendor by the execution of the deed.
At the time of making the contract there was an unrecorded mort-

gage against the land, made by vendor, of which the vendee had full knowledge. *Held*, that vendee is not personally liable for the debt secured by the mortgage. *pp. 5-8.*

From Fountain Circuit Court; *J. M. Rabb*, Judge.

Action by Jacob Hushaw and Margaret A. Hopton against J. Wesley Whicker to enforce the payment of a mortgage alleged to have been assumed by defendant. From a judgment for plaintiffs, defendant appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Reversed.*

*L. Nebeker, J. W. Whicker* and *C. E. Bryant*, for appellant.

*I. E. Schoonover*, for appellees.

GILLETT, J.—On the 5th day of October, 1899, appellant and appellee Margaret A. Hopton entered into an executory contract in writing, by the terms of which the latter bound herself to sell and convey to appellant, "by good and sufficient warranty deed," a certain tract of real estate. The obligation of appellant was expressed in said contract as follows: "Said J. Wesley Whicker, party of the second part, to pay cash in hand, on the delivery of the deed, the sum of $1,752.50, and assume all unpaid taxes and mortgages shown of record and all other liens on said lands, including an attachment proceeding now pending." This contract was consummated, upon the part of said Margaret, on the same day, by the execution of a warranty deed to appellant. At the time of making said contract there was an unrecorded mortgage against said land, made by appellee Margaret and held by appellee Jacob Hushaw, that had been long overdue, and appellant had full knowledge of its existence at the time he entered into said contract. The endeavor of appellees in this action was to hold appellant personally responsible for the amount of said mortgage, as upon a debt assumed. The evidence is not in the record. The complaint does not allege, and the special findings that were filed in the case do not show, any further extrinsic facts that might

aid in determining the intent of the parties to the contract, such as the value of the land, whether there were liens against it, aside from those mentioned, and whether the parties to the contract had knowledge of the fact that the mortgage was not of record.

The cases are many in this State that recognize the right of the holder of a mortgage to avail himself of an existing agreement between the mortgagor and his vendee, by which the latter assumes the payment of the mortgage debt. These cases have not dealt with the philosophy of such a ruling, but in other states various reasons have been assigned in support of the right of the holder of such mortgage to sue upon the contract, such as a trust relationship, the equitable right of subrogation, agency, privity of contract by substitution, and the broad equity of the transaction. See note to *Baxter* v. *Camp,* as reported in 71 Am. St. 169, 176.

Although the point has not been urged upon our consideration by counsel, we approached the question as to the appellant's liability in this case with a doubt that was due to the fact that the contract sued on was executory, and had been consummated on the part of appellee Margaret by the execution of a deed. In a case where a corporation, by resolution, agreed to assume the bonded indebtedness of another corporation, which agreement was accepted by the latter corporation, the Supreme Court of the United States held that the bondholders could not avail themselves of the arrangement, because it constituted at most only an executory agreement *inter partes. Second Nat. Bank* v. *Grand Lodge, etc.,* 98 U. S. 123, 25 L. Ed. 75. But in the case of an executory contract, in writing, for the sale of real property, the person agreeing to purchase has not merely a *chose in action,* but in the eye of a court of equity he has an enforceable right to the land, and, on the other hand, the vendor can compel performance. For this reason we think that a promise to pay a mortgage that is a part of an executory contract to sell real estate is to be regarded as of such ultimate character that,

upon performance by the vendor, an obligation in favor of the .older of the mortgage may attach. But for its evidentiary force, there would be no occasion for the vendor, upon executing a deed, to take a new obligation, for the promise to pay the encumbrance could be shown even as against the vendor's general warranty. As said by Mr. Jones in his work on mortgages (5th ed.), at §750: "Even a verbal promise by a purchaser to assume and pay a mortgage may be valid, and may be enforced in equity not only by the grantor but by the holder of the mortgage. * * * A covenant in the deed that the premises are free from encumbrances, or a recital that the consideration had been paid in full, does not estop either the grantor or the holder of the mortgage from proving such agreement and recovering upon it." And see, also, *Wilson* v. *King,* 23 N. J. Eq. 150; *Merriman* v. *Moore,* 90 Pa. St. 78; *Remington* v. *Palmer,* 62 N. Y. 31; *Taintor* v. *Hemingway,* 18 Hun 458; *Bolles* v. *Beach,* 22 N. J. L. 680, 53 Am. Dec. 263; *Carver* v. *Louthain,* 38 Ind. 530; *Gavin* v. *Buckles,* 41 Ind. 528; *Bever* v. *Bever,* 144 Ind. 157; *Boruff* v. *Hudson,* 138 Ind. 280. The execution of a deed poll may therefore be regarded as performance on the part of the vendor, leaving the matter of performance upon the part of the vendee dependent upon his prior agreement. *Barker* v. *Bradley,* 42 N. Y. 316, 1 Am. Rep. 521. From these considerations, we have concluded that the mere fact that the assumption of a mortgage indebtedness is in an executory contract will not prevent the person holding the mortgage from availing himself of it while it yet remains the agreement of the vendor and the vendee. See *Berkshire Life Ins. Co.* v. *Hutchings,* 100 Ind. 496; *Romaine* v. *Judson,* 128 Ind. 403; *Judson* v. *Romaine,* 8 Ind. App. 390. If before acceptance of the benefit by the creditor, a deed was made containing contractual provisions that changed the rights of the parties, it would be for the vendee to show the fact; otherwise, we think that he is bound according to the breadth of his prior assumption.

Without the light of further extrinsic circumstances than the special findings disclose, the task of interpreting or construing the covenant of appellant is not without difficulty. The precise question is whether he is to be charged with the assumption of a mortgage lien not of record, because of the words in the contract, "all other liens," in view of the fact that in that immediate connection he has assumed all "mortgages shown of record," and in view of the character of the deed that he was to receive from the vendor. Our conclusion is that, as the case is presented, it does not appear that the appellant is personally liable for the debt that the mortgage secures.

The undertaking of appellee Margaret A. Hopton, "to sell and convey, by good and sufficient warranty deed," required that she should make a deed with the statutory covenants. *Clark* v. *Redman,* 1 Blackf. 379; *Linn* v. *Barkey,* 7 Ind. 69; *Bethell* v. *Bethell,* 92 Ind. 318. Doubtless, she was entitled to limit the effect of the words "convey and warrant" by restrictive language as to liens (*Jackson* v. *Green,* 112 Ind. 341), but it can scarcely be held, in view of the ambiguous language of the latter part of the instrument, that the contract contemplated that she was entitled to limit her covenant against encumbrances by subsequent language that would entirely cancel such undertaking. We are, therefore, able to approach the language by which it is claimed that the assumption was created with a considerable degree of assurance that there was at least a class of liens that it was contemplated that the grantor should covenant against; and from this fact it follows that the words "all other liens," in the grantee's covenant, are especially liable to be restrained by other words in the immediate context. We find such restrictive words in the provision that the grantee is to "assume all * * * mortgages shown of record." This language calls for the application of the maxim, *expressio unius, exclusio alterius.* The language restricts that which is general by that which is particular and spe-

Whicker *v.* Hushaw.

cific. This consideration is further reinforced, when applied to unrecorded mortgages of which the grantee did not have knowledge, by reason of the fact that it can not be supposed that he would have personally undertaken to pay a class of obligations that might have been so extensive as to work his financial ruin; such an assumption would, indeed, be a leap into the dark. We are, therefore, able to affirm definitely that the words "all other liens" were not intended by the parties to break down the prior implied restriction, but that there was at least a class of mortgage liens not assumed by the grantee. Having reached the conclusion that the words "all other liens" do not serve to expand the liability of the grantee to pay liens into one of the utmost obligation, the question arises, what meaning is to be assigned to the words last quoted? We think that this is a case for the application of the *ejusdem generis* doctrine. The class of assumptions specifically mentioned are liens of record,— that is, taxes, recorded mortgages, and an attachment,—and it is our view that, under the doctrine mentioned, the words "all other liens" are to be held applicable only to liens in the same category, namely, liens of record. The maxim is ancient that "general words shall be restrained unto the fitness of the matter and person." Bacon, Max. Reg., 10. As said by Mr. Broom: "However general the words of a covenant may be, if standing alone, yet, if from other covenants in the same deed, it is plainly and irresistibly to be inferred that the party could not have intended to use the words in the general sense which they import, the court will limit the operation of the general words." Broom, Leg. Max. (7th ed.), 429. The application of the maxim depends at all times upon the particular language used, and the fact that in some cases the covenants are widely separated in the instrument is an element in determining upon its application; yet, where the covenants are so closely knit together that it may be said that one intent pervades the whole, proper interpretation often requires the courts to treat general ex-

pressions as restrained to persons or things in the same general category as those specifically mentioned, to the end that the spirit of the instrument may not be subordinated to the letter of some portion of it.

We regard the assumption of the grantee of "mortgages shown of record" as absolutely inconsistent with a construction of the contract that would make him assume mortgages not shown of record, notwithstanding the subsequent words, "and all other liens." As Lord Eldon observed, in *Browning* v. *Wright,* 2 Bos. & Pul. 13, 24: "What would be the use of any of the other covenants if this were general?" If appellees' construction is correct, the parties to the contract might as well have simply provided that the grantee should assume all liens. An argument in support of a construction that renders the other closely connected, specific provisions idle can not command our assent.

It is true that the court finds that the appellant knew of the existence of the Hushaw mortgage, but it is a far cry from this fact to the conclusion that appellant assumed it. In the first place, such a construction would run athwart the language of the covenant that impliedly excludes from the assumption all mortgages not "shown of record," and, in the second place, there are no facts alleged or found which would have made it antecedently probable that it was within the contemplation of the parties that appellant should pay such mortgage. To illustrate the last proposition: There is nothing in the facts found which excludes the idea that definite provision was made at the time of the execution of the contract for the discharge of such obligation by the grantor. Contemporaneously with the transaction, a draft for the amount of the debt may have been mailed to the mortgagee that did not reach him, or that he failed to realize on. So there is no force in the argument of appellees that it is against the probabilities that appellant would have paid over the purchase money relying upon his grantor's covenant.

In a case like this, where the instrument is the basis of

the action, the appellees should have averred such extrinsic facts as they claimed existed, tending to stamp a particular meaning upon the contract, and under such averments proof might have been offered that would have warranted the conclusion that appellant assumed the mortgage; but, with the burden on appellees, we can but hold, when confined to the extent that we are to the language of the contract, that an assumption of said mortgage has not been shown.

We think that in this case we should not order judgment to go in appellant's favor on the special findings, but that a new trial should be granted, and leave given appellees to amend their complaint, if they apply for permission so to do.

Judgment reversed, with a direction to the trial court to grant a new trial, and for further proceedings not inconsistent with this opinion.