# REED ET AL. *v.* ADAMS STEEL AND WIRE WORKS ET AL.

[No. 8,371. Filed November 24, 1914.]

1. CONTRACTS.—*Rights of Third Persons.*—Under the stipulation in a contract for the construction of the steel work and cells in a jail, that the board of county commissioners should have the right to require the contractor to employ such force as the board might regard as sufficient to complete the work on contract time, and to direct the application of such force to such parts of the work as seemed best, and that all materials and labor "shall be furnished at such time as may be for the best interest of all contractors concerned, to the end that the combined work of all may be all fully completed on contract time", the board was not obligated to see that the contractor performed in such time as not to delay plaintiffs who had the contract for the erection of the building, excepting the steel work and cells, but such provisions were solely for the protection of the interests of the county, and conferred no rights upon plaintiffs on which they could predicate an action for damages by being delayed in the completion of their contract. pp. 262, 266.

2. CONTRACTS.—*Rights of Third Persons.*—The English common law, under which only the parties to a contract could base an action thereon, and no contractual rights could be conferred on a third person who was a stranger to the consideration, even though the contract was made for his benefit, does not prevail in Indiana, and a person not a party to a contract, or to the consideration, may enforce an agreement therein made for his benefit by a suit thereon in his own name; but in order to maintain such suit it must clearly appear that it was the purpose of the contract to impose an obligation on one of the contracting parties in favor of the person claiming the right of action. p. 264.

From Porter Circuit Court; *William Johnson,* Special Judge.

Action by John Wesley Reed and another against the Adams Steel and Wire Works and another. From a judgment for defendants, the plaintiffs appeal. *Affirmed.*

*William J. Whinery,* for appellants.
*J. Frank Meeker,* for appellees.

LAIRY, J.—This action was brought by appellants against appellees for damages. Each of the appellees filed a separate demurrer to the complaint and each of these demurrers was sustained. Appellants abided the ruling on demurrers and appealed. The only question presented is the sufficiency of the complaint.

The complaint is in two paragraphs, both of which are very long. Each paragraph shows that appellee board of commissioners of Lake County, after taking the legal preliminary steps, advertised for bids for the reconstruction of the jail of Lake County with additions, according to certain plans and specifications previously adopted. The board reserved the right to let the contract for the steelwork and steel cells in a separate contract, and this work was let to appellee Adams Steel and Wire Works, and the remainder of the contract was let to appellants, John W. Reed and Edwin W. Bremp, doing business as partners. The board of commissioners entered into a contract with appellee Adams Steel and Wire Works for the furnishing of material and

labor, and the construction of steelwork and steel cells, and also entered into a contract with appellants. The contract with appellants required them to ·furnish all labor and material and to construct the jail and additions thereto in accordance with the plans and specifications, except the steelwork and steel cells and matters directly related therewith. Appellants were to complete the work under their contract on, or before September 1, 1909.

It is alleged that the custom and the law of the State required that a building of three or more stories, such as the Lake County jail should be constructed story by story, and that such custom and law were known to appellants and to each of appellees. It is also alleged in substance that appellants could not go forward with the work contemplated by their contract, except as appellee Adams Steel and Wire Works performed that portion of the steelwork necessary to the framework and construction of the building and that the progress of the work under . appellant's contract depended upon the progress of the work under the contract between the board of commissioners and appellee, Adams Steel and Wire Works. It is shown that appellants entered upon the performance of the contract and carried the work forward with all possible speed until they reached a point where steelwork and structural steel beams became necessary to the further progress of the work, at which time they notified appellees of the necessity of furnishing such steelwork and repeatedly requested that it be furnished. The steelwork was not furnished, however, as stated in the complaint until six months after the time when it should have been supplied, and not until a period of inclement weather had set in, thus causing great damages to appellants. Each paragraph of the complaint states in what particulars appellants were damaged and the amount of the damages suffered by reason of the failure to furnish the structural steel, steelwork and steel cells, in proper time.

For the sake of brevity a mere skeleton or outline of the

complaint has been given, sufficient only to disclose the theory upon which the pleading proceeds. Viewed in the light most favorable to the pleader, it shows that the damage suffered by appellants was caused by a failure on the part of the Adams Steel and Wire Works to furnish the steel work for the jail and to place it in position in accordance with the contract between it and the board of commissioners. It is alleged that the contract between the board of commissioners and the Adams Steel and Wire Works, provided that the board of commissioners should have the right at all times to require the contractor to employ such force on said work as such board of commissioners might regard as sufficient to complete said work on contract time, and to direct the application of such force to such parts of the work as seemed best to the board of commissioners, and in the meantime retarding any other parts of the work if considered proper by them to do so. It is also alleged that this contract contained the provision following: "All the materials and labor to be furnished by the second party and not governed by the foregoing schedule, shall be furnished at such time as may be for the best interest of all contractors concerned, to the end that the combined work of all may be all fully completed on contract time." It is further alleged that the contract between the board of commissioners and appellants contained like provisions with those above set out.

It is apparent from appellants' reply brief that they do not contend that the complaint states a cause of action sounding in tort. On the contrary they expressly state

1. that each paragraph is based upon the principle that a builder may recover all damages occasioned him by a breach of contract on the part of the owners or employers. We are thus called upon to determine whether the contracts upon which the complaint is based, when considered in the light of the facts alleged in the complaint, imposed such an obligation upon either or both of appellees with respect to furnishing and constructing the steelwork and cells as to

require them, or either of them, to answer in damages to appellants for any loss they may have suffered on account of the work under their contract being delayed by reason of the failure to furnish and complete the steelwork and cells in proper time.

It will be observed that the board of commissioners did not by the agreement with appellants undertake that the steelwork or steel cells should be completed by any particular time or that this part of the work should be so carried forward as not to interfere with the work under appellants' contract. It is true that the board of commissioners by its contract with Adams Steel and Wire Works provided that the contractor should furnish all material, not governed by the schedule, at such time as should be for the best interest of all contractors concerned, to the end that the combined work of all might be completed on contract time, but this did not obligate the board of commissioners to see to it, that the Adams Steel and Wire Works did furnish the material and do the work in such time as not to delay the work under appellants' contract, and to answer in damages to appellants in case it failed in this respect. The provision of the contract by which the board of commissioners reserved the right to require the employment of an adequate force of men to complete the work on contract time, and the further provision by which the board was given the right to direct the application of this force to such parts of the work as to it seemed best, was not intended to impose any obligation upon the board in favor of appellants. It is apparent that the board of commissioners was desirous that the whole contract should be completed within the time provided by the contract and that these provisions were inserted to protect the interest of the county, and not for the purpose of affording a remedy to another contractor who might be damaged by delay.

The case of *Louisville, etc., R. Co.* v. *Hollerbach* (1886), 105 Ind. 137, 5 N. E. 28, is cited by appellants as tending

to sustain their position. As examination of that case will disclose that the railway company entered into a contract by which it employed Hollerbach to construct two stone abutments and to furnish all material except the sand and cement. The company agreed to furnish the foundations and the cement and sand. According to the contract, the foundations were to be prepared and furnished ready to receive the masonry by July 25, 1881, but the company failed to furnish the foundations for more than fifteen months after the date fixed in the contract. It thus appears that the appellant in that case had failed to comply with the terms of the contract in respect to the conditions which it had agreed to perform, and that Hollerbach had been thereby delayed and damaged. Under such circumstances a recovery was properly allowed, but that case can be readily distinguished from the case at bar.

On behalf of appellants it is contended that the provisions heretofore quoted were inserted in the contract between the board of commissioners and the Adams Steel and Wire Works for the benefit of other contractors engaged in constructing other parts of the jail under contracts with the board, and that such provisions were intended to impose an obligation on the Adams Steel and Wire Works in favor of appellants for the breach of which it must answer in damages as to one of such contractors.

Under the common law of England none other than the parties to a contract could base an action thereon. The parties to a contract could not by its terms confer

2. contractual rights upon a third person who was a stranger to the consideration, even though the contract was made for his special benefit. *Tweddle* v. *Atkinson* (1861), 1 Best & S. 393, 30 L. J. Q. B. 265; *Gandy* v. *Gandy* (1885), 30 Ch. Div. L. R. 57, 53 L. T. (N. S.) 306. Some of the states adhere to this ancient common-law rule, but the majority, including Indiana, recognize the right of a

person not a party to maintain a suit to enforce an agreement made between others for his benefit. Under the more modern rule thus adopted, a contract may be made either in whole or in part for the benefit of a person or persons who are not parties to it or to the consideration, and the person in whose favor it is made may maintain a suit on it in his own name. *Clodfelter* v. *Hulett* (1880), 72 Ind. 137; *Copeland* v. *Summers* (1884), 138 Ind. 219, 35 N. E. 514, 37 N. E. 971; *Buscher* v. *Volz* (1900), 25 Ind. App. 400, 58 N. E. 269; *Hendrick* v. *Lindsay* (1876), 93 U. S. 143, 23 L. Ed. 855; *Baxter* v. *Camp* (1898), 71 Am. St. 176, note. In states having statutes requiring that all actions shall be brought in the name of the real party in interest, such statute affords an additional reason for sustaining an action in favor of a person for whose benefit a contract was made even though he is not a party to such contract. *Ellis* v. *Harrison* (1891), 104 Mo. 270, 16 S. W. 198; *Rice* v. *Savery* (1867), 22 Iowa 470; *Miliani* v. *Tognini* (1885), 19 Nev. 133, 7 Pac. 279; *Vandalia R. Co.* v. *Keys* (1910), 46 Ind. App. 353, 91 N. E. 173; *Knight & Jillson Co.* v. *Castle* (1909), 172 Ind. 97, 87 N. E. 976, 27 L. R. A. (N. S.) 573. In order to entitle a person to maintain an action on a contract to which he is not a party, it must clearly appear that it was the purpose of the contract to impose an obligation on one of the contracting parties in favor of the person claiming the right of action. In the case of *Simson* v. *Brown* (1877), 68 N. Y. 355, the following language is used: "it is not every promise made by one to another from the performance of which a benefit may ensue to a third, which gives a right of action in such third person, he being neither privy to the contract, nor to the consideration. The contract must be made for his benefit as its object, and he must be the party intended to be benefited."

It may appear that the performance of the terms and stipulations of a contract as between the parties to it would

be beneficial to a third party, but this of itself is not enough to confer upon such third party a right to maintain an action based on such contract. It must further appear that it was the intention of one of the parties to require that certain of the terms and agreements entered into should be performed by the other party to the contract in favor of such third person and for his benefit; and that the other party to the contract intended to assume the obligation thus imposed. *Thomas Mfg. Co.* v. *Prather* (1898), 65 Ark. 27, 44 S. W. 218; *Chung Kee* v. *Davidson* (1887), 73 Cal. 522, 15 Pac. 100; *Fitch* v. *Seymour Water Co.* (1894), 139 Ind. 214, 37 N. E. 982, 47 Am. St. 258; *Burton* v. *Larkin* (1887), 36 Kan. 246, 13 Pac. 398, 59 Am. Rep. 541; *Howsmon* v. *Trenton Water Co.* (1893), 119 Mo. 304, 24 S. W. 784, 23 L. R. A. 146, 41 Am. St. 654. The courts of many of the states hold that a stranger to a contract can not maintain an action thereon even though it appears to have been made for his benefit, unless it further appears that there was some legal or equitable duty in his favor resting upon the party to the contract to whom the promise was made, but the courts of this State do not require that such legal or equitable duty be shown.

The court is of the opinion that the stipulation contained in the contract to the effect that the Adams Steel and Wire Works should furnish all labor and material at such time as should be for the best interest of all contractors concerned, to the end that the combined work of all might be fully completed on contract time, was not intended to impose an obligation in favor of other contractors whereby the Adams Steel and Wire Works could be required to respond to them in damages for any loss occasioned by delay. On the contrary it is apparent that such provisions were intended for the benefit of the county in securing a prompt completion of the entire work.

The complaint does not state facts sufficient to constitute

a cause of action against either of the defendants and the demurrers were properly sustained. Judgment affirmed.

NOTE.—Reported in 106 N. E. 882. As to contract promises for the benefit of third persons, see 3 Am. Dec. 305; 9 Am. Dec. 155; 71 Am. St. 178. See, also, under (1) 9 Cyc. 380; (2) 9 Cyc. 377, 380.