## E. I. DuPont DeNemours and Company, Incorporated, *v.* Ferguson.

[No. 12,916.   Filed October 27, 1927.]

1. CONTRACTS.—*When contract may be enforced by third party.* —A promise of one person to another may be enforced by a third person where it clearly appears from the terms of the contract that the parties thereto intended that it should be for the benefit of such third party.   p. 431.

2. CONTRACTS.—*Contract to indemnify certain stockholders of insolvent company held not to create cause of action in favor of creditor of said company.*—An agreement by the assignee of all the assets of an insolvent corporation that he would settle all said company's indebtedness "in such manner as shall protect and save harmless" certain stockholders "from any and all indebtedness made or contracted by them, or either of them" for said company, did not clearly obligate such assignee to pay all the debts of the corporation, but only those for which the stockholders were liable, and, therefore, did not give a right of action to a creditor of the company on an account for which none of the stockholders was liable.   p. 431.

From Parke Circuit Court; *Burton S. Aikman,* Special Judge.

Action by the E. I. DuPont DeNemours and Company, Incorporated, against William E. Ferguson. From a judgment for defendant, the plaintiff appeals. *Affirmed.* By the court in banc.

*J. M. Johns* and *J. T. Walker,* for appellant.

*John S. McFadden, John M. McFadden* and *Howard C. McFadden,* for appellee.

430    APPELLATE COURT OF INDIANA,

E. I. DuPont DeNemours & Co. *v.* Ferguson—86 Ind. App. 429.

REMY, J.—On March 25, 1925, appellee William E. Ferguson entered into an agreement with certain parties, the agreement being as follows: "Whereas, the Rockville Coal Mining Co. and William E. Ferguson, W. P. Harrison, H. L. Hancock, William Scank, and Edward M. Woodard are indebted to certain banks, firms and parties, and such indebtedness is past due; now, in consideration of the assignment, herewith and hereby by these presents made, of all right, title, claim and interest in and to the stock and assets of said Rockville Coal Mining Company, of every kind and nature belonging to said parties, to said William E. Ferguson, he, the said William E. Ferguson, assumes all indebtedness of said company and agrees to make due, proper and legal settlement of all said company's indebtedness, in such manner as shall protect and save harmless W. P. Harrison, H. L. Hancock, William Scank and Edward M. Woodard, from any and all indebtedness heretofore made or contracted by them, or either of them, for said Rockville Coal Mining Company."

At the time of the execution of this contract, the Rockville Coal Mining Company was indebted to appellant E. I. DuPont DeNemours Company, Incorporated, on a past due account for merchandise, in the total sum of $2,805.25. On October 8, 1926, the account not having been paid, appellant commenced this suit against Ferguson to enforce payment of the debt, the right of action being based upon the contract; it being the theory of the complaint that Ferguson's obligation in the contract was for the benefit of appellant and other creditors of the Rockville Coal Mining Company, which corporation, as averred, was insolvent. A demurrer to the complaint for want of sufficient facts having been sustained, appellant refused to plead further, and judgment was rendered that appellant take nothing, and that appellee recover costs. Appeal is from this judgment, and the

only error assigned is based upon the court's ruling on the demurrer.

That a promise of one person to another for the benefit of a third may be enforced by the person for whose benefit it was made is not questioned by 1. appellee, nor can it be; but it must clearly appear from the terms of the contract that it was the intention of the contracting parties to impose the obligation in favor of the party claiming the right to sue. *Reed* v. *Adams, etc., Wire Works* (1914), 57 Ind. App. 259, 106 N. E. 882; *Rawlings* v. *Vreeland* (1920), 76 Ind. App. 209, 127 N. E. 786; *Irwin's Bank* v. *Fletcher, etc., Trust Co., Rec.* (1924), 195 Ind. 669, 692, 145 N. E. 869.

It appears from an examination of the above agreement that the intention of the parties thereto was to protect and save harmless Harrison, Hancock, 2. Scank and Woodard from any and all indebtedness made or contracted by them, or either of them. It is averred in the complaint that appellant's claim is an account against the corporation of which the parties to be protected were stockholders; and there is no averment in the complaint of any personal liability on the part of these stockholders to pay appellant's claim. Since the payment by appellee of appellant's claim is not necessary to protect and save harmless Harrison, Hancock, Scank and Woodard, it follows that appellant's claim is not included in the debts assumed by appellee, and that the court did not err in sustaining demurrer to complaint.

Affirmed.