BULLINGTON ET AL. *v.* GARRETT ET AL.

[No. 14,117.   Filed October 29, 1931.]

*Russell P. Kehoe,* for appellant.

LOCKYEAR, J.—The appellee herein filed first and second paragraphs of second amended complaint to collect commissions for the sale of certain real estate in the State of Indiana. The appellant filed a demurrer to the said first and second paragraphs of amended complaint upon the grounds that neither paragraph stated sufficient facts to constitute a cause of action, for the reason that the complaint is founded on a written instrument and that neither the original nor the copy thereof is filed with the said first and second paragraphs of said amended complaint. The court overruled said demurrer, to which ruling the appellant duly excepted and assigns the ruling of the court as error herein. A judgment was rendered for the appellee in the sum of $210. The appellee has filed no brief.

It has been held that, where no copy of an instrument declared on appears in the record, the averment that a copy is filed will not make the pleading good, as against the demurrer. *Olde* v. *Mohler* (1890), 122 Ind. 594, 23 N. E. 967. The complaint in this action alleged that a copy of the contract sued on is made a part of the complaint and marked "Exhibit B," but no copy of the contract was incorporated in the complaint nor attached thereto as an exhibit.

It has been held in the case of *Berkshire* v. *Caley* (1901), 157 Ind. 1, 60 N. E. 696, that, where an appellee fails to prepare and file, within the time allowed, a brief or argument in support of the judgment assailed, such failure or default on his part may be accepted as and deemed to be a confession of the errors assigned by the appellant, and this court, in the

exercise of its discretion, may reverse the judgment without considering the appeal on its merits, provided the appellant has made a *prima facie* showing of reversable error.

We have, however, considered the merits of this appeal, and the judgment herein is reversed, with instructions to sustain the appellant's demurrer to each of the first and second paragraphs of the second amended complaint.