Dee WILSON, Appellant (Plaintiff Below),

v.

M. Dale PALMER d/b/a Mark V Corporation, Rosemary Church, Century 21–Accent, Inc. Realtors, and Commonwealth Land Title Insurance Company, Appellees (Defendants Below).

No. 4–982A280.

Court of Appeals of Indiana, Fourth District.

Aug. 17, 1983.

⇐⇒624

Jon R. Pactor, Indianapolis, for appellant.

Dawn Sturwold, Wooden, McLaughlin & Sterner, Charles K. Crawford, Edgar Lamb, Yarling, Tunnell, Robinson & Lamb, Indianapolis, for appellees.

YOUNG, Judge.

Dee Wilson initiated this suit for damages after discovering that a house he had just purchased was subject to a demolition order. The complaint named the vendor, his realtor, and Commonwealth Land Title Insurance Co. (Commonwealth) as defendants. Commonwealth moved to dismiss the complaint for failure to state a claim against it. Wilson did not respond to this motion, and the court granted it on July 28, 1981. Litigation continued against the remaining defendants, but Wilson did not amend his complaint against Commonwealth. On June 21, 1982, the court noted that Wilson had failed to amend his complaint. Finding no just reason for delay, the court entered final judgment against Wilson on his claim against Commonwealth. Wilson appeals, claiming the court erred in dismissing his complaint against Commonwealth. Specifically, Wilson raises two issues: (1) whether the court erred in finding Wilson's complaint stated no claim for relief against Commonwealth, and (2) whether the court erred in ruling on Commonwealth's motion to dismiss and Wilson's motion to correct errors without a hearing.

Because we agree that the court erred in finding Wilson's complaint insufficient, we address only the first issue.

We reverse.

■ Wilson's complaint in this case contained only one sentence alleging wrongdoing by Commonwealth:

The defendant Commonwealth Land Title Insurance Company issued a title report on the aforesaid real estate which failed to show that there was a demolition order on the building on said real estate, and thereby concealed from the plaintiff the fact that the building had been condemned and demolition had been ordered.

Wilson now claims the court erred in dismissing his complaint against Commonwealth because this allegation adequately states a claim for fraud. We disagree. Generally, dismissal is appropriate under Ind.Rules of Procedure, Trial Rule 12(B)(6) only when it appears to a certainty that the plaintiff cannot recover under any set of facts. *State v. Rankin*, (1973) 260 Ind. 228, 294 N.E.2d 604. Where the claim is based on fraud, however, our rules require that, "the circumstances constituting fraud ... shall be specifically averred ...." T.R. 9(B). The circumstances constituting fraud include "the time, the place, the substance of the false representations, the facts misrepresented, and the identification of what was procured by the fraud." *Cunningham v. Associates Capital Services Corp.*, (1981) Ind.App., 421 N.E.2d 681, 683 (quoting 1 W. HARVEY, INDIANA PRACTICE § 9.2 (1969)). Wilson's complaint does not state that Commonwealth made any representations to him, true or false. Nor does it state any facts from which it could be inferred that Commonwealth had any duty to discover demolition orders and disclose them to Wilson. Thus the conclusory statement that Commonwealth "concealed" the demolition order from Wilson is insufficient under T.R. 9(B) to state a claim for actual or constructive fraud.

Wilson contends, however, that dismissal was not the proper remedy for his failure to comply with T.R. 9(B), citing *Pactor v. Pactor*, (1979) Ind.App., 391 N.E.2d 1148, and *State Farm Mutual Automobile Insurance Co. v. Shuman*, (1977) 175 Ind.App. 186, 370 N.E.2d 941. In *Shuman*, the court of appeals held that the trial court properly refused to dismiss the plaintiff's complaint for punitive damages. This holding was based on the theory that T.R. 9(B) does not apply to a claim for punitive damages, where fraud is not raised as an independent cause of action. The holding was also based on the following analysis of T.R. 9(B):

In regard to the TR. 9(B) challenge, we observe first of all that failure to comply with the special pleading provisions of TR. 9(B) is not fatal. The courts and commentators generally agree that compliance should not be compelled by outright dismissal of the action. Other remedies, such as a motion for a more definite statement or the use of discovery procedures, are available.... Even those cases which dismiss the complaint do so almost always with leave to amend.

*Id.* at 195, 370 N.E.2d at 949–50. In *Pactor, supra,* our Second District held that the trial court erred in dismissing a complaint based on fraud. This holding was based on the reasoning of *Shuman* and on a finding that the allegations in the complaint at issue were sufficient to satisfy the requirements of T.R. 9(B). Relying on these cases, Wilson contends it was error to dismiss his complaint against Commonwealth.

The decisions in *Shuman* and *Pactor*, however, do not require reversal here. First, both of those cases are distinguishable, since T.R. 9(B) was satisfied in *Pactor* and held inapplicable in *Shuman*. Second, the panel of this court that decided *Pactor* has since rejected the reasoning of *Pactor* and *Shuman*, holding that a complaint that fails the requirements of T.R. 9(B) does not state a claim upon which relief can be granted. *Cunningham v. Associates Capital Services Corp., supra.* This holding comports with federal authority that, although noncompliance with Federal Rule 9(b) may be remedied by granting a motion for a more definite statement, the "preferable method of compelling compliance with Rule 9(b)" is dismissal with leave to amend. 2A MOORE'S FEDERAL PRACTICE ¶ 9.03 at 9–33 to 9–35 (1983). *See also Bennett v.*

Berg, (8th Cir.1982) 685 F.2d 1053; *Summer v. Land & Leisure, Inc.,* (5th Cir.1981) 664 F.2d 965, *cert. denied* (1982) 458 U.S. 1106, 102 S.Ct. 3484, 73 L.Ed.2d 1367; *Lowenschuss v. Kane,* (2d Cir.1975) 520 F.2d 255. The court here, in dismissing Wilson's complaint, gave Wilson ample leave to amend. Wilson had an absolute right to amend his complaint within ten days pursuant to T.R. 15(A). *See* T.R. 12(B). Further, Wilson had nearly a year prior to the entry of judgment to seek leave to amend his complaint and refused to do so. Insofar as Wilson's complaint was based on fraud, the court did not err in dismissing it for failure to state a claim on which relief could be granted.

■ Wilson further claims the court erred in dismissing his complaint because it adequately stated claims for breach of contract and negligence. Again, a complaint should not be dismissed unless it appears to a certainty that the claimant cannot recover under any set of facts. *State v. Rankin,* (1973) 260 Ind. 228, 294 N.E.2d 604; *William S. Deckelbaum Co. v. Equitable Life Assurance Co.,* (1981) Ind.App., 419 N.E.2d 228, *modified on other grounds,* (1981) Ind. App., 422 N.E.2d 301. Wilson contends that he was a third party beneficiary of the contract between the vendor and Commonwealth and that his complaint states a claim for breach of contract. To prevail on this theory, Wilson must prove that the contract was intended to benefit him directly, that it must necessarily benefit him, and that Commonwealth has breached its contract. *See Fiat Distributors, Inc. v. Hidbrader,* (1978) 178 Ind.App. 200, 381 N.E.2d 1069. As to Wilson's negligence theory, Commonwealth correctly contends that Indiana does not recognize the tort of negligent misrepresentation. *Essex v. Ryan,* (1983) Ind.App., 446 N.E.2d 368; *English Coal Co. v. Durcholz,* (1981) Ind.App., 422 N.E.2d 302. Nevertheless, when a person contracts to perform services, failure to perform in a workmanlike manner may constitute both a breach of contract and the tort of negligence. *Flint & Walling Mfg. Co. v. Beckett,* (1906) 167 Ind. 491, 79 N.E. 503; *Essex v. Ryan, supra; Capitol Builders v. Shipley,* (1982)

Ind.App., 439 N.E.2d 217. Nothing in Wilson's complaint shows to a certainty that he cannot recover on either of these bases. Thus, because it can support a claim either for breach of contract or for negligence, the court erred in finding that Wilson's complaint against Commonwealth failed to state a claim on which relief could be granted.

■ The question remains, however, whether the trial court's action can be upheld under T.R. 9.2(A), which provides that, "[w]hen any pleading allowed by these rules is founded on a written instrument, the original, or a copy thereof, must be included in or filed with the pleading." It is clear that Wilson's claim for breach of contract was founded on the written contract between Commonwealth and Wilson's vendor. Likewise, Wilson's claim under *Essex, supra,* that Commonwealth negligently breached its contractual duty to discover and report demolition orders was clearly founded on the written contract, since the scope of Commonwealth's duty is completely governed by the terms of that contract. Thus, insofar as Wilson wished to state claims for negligence or breach of contract, T.R. 9.2(A) required him to append the written contract to his complaint. It is undisputed that he did not do so.

Wilson's failure to comply with the pleading requirements of T.R. 9.2(A) did not, however, warrant dismissal of his complaint against Commonwealth. It is true that, prior to the adoption of the Trial Rules, a complaint that did not include the written instrument upon which it was founded "was subject to demurrer for failure to state a cause of action." Civil Code Study Commission Comments, 1 W. HARVEY, INDIANA PRACTICE 571 (1969) (citing *Williamson v. Foreman,* (1864) 23 Ind. 540, and *Bullington v. Garrett,* (1931) 93 Ind.App. 272, 178 N.E. 186). Under the Trial Rules, however, the effect of noncompliance with T.R. 9.2(A) is governed by T.R. 9.2(F):

Non-compliance with the provisions of this rule requiring a written instrument to be included with the pleading may be

raised by the first responsive pleading or prior motion of a party. The court, in its sound discretion, may order compliance, the reasons for non-compliance to be added to the pleadings, or allow the action to continue without further pleading. Amendments to correct the omission of a required written instrument ... as permitted or required by this rule shall be governed by Rule 15, except as provided by subdivision (A) of this rule.

Under this subpart, to correct the omission of an essential written instrument, the court should specifically order the plaintiff to comply with T.R. 9.2(A) by amending his complaint to include the omitted instrument. Further, although the rule does not address the issue, it seems clear that if the plaintiff fails to amend his complaint as ordered within a reasonable time the complaint should be dismissed, after a hearing, pursuant to T.R. 41(E). Thus, the appropriate procedure is similar to that under T.R. 12(E), which allows the court to strike a party's pleading upon failure to comply with a court order to make a more definite statement. *See Yaksich v. Gastevich,* (1982) Ind.App., 440 N.E.2d 1138 (dismissal for noncompliance with T.R. 12(E) governed by T.R. 41(E)). Dismissal in such a case is not for failure to state a claim for relief but for failure to comply with the rules and court orders thereunder. *See Farinelli v. Campagna,* (1975) 166 Ind.App. 587, 338 N.E.2d 299.

In this case, Commonwealth properly raised Wilson's noncompliance with T.R. 9.2 in its preliminary motion. The court, however, erred in summarily dismissing Wilson's complaint on this basis without following the procedure outlined in T.R. 9.2(F). In ruling on Commonwealth's motion, the court merely found that the motion should be granted and ordered that the complaint against Commonwealth be dismissed. This order can hardly be characterized as one under T.R. 9.2(F) directing Wilson to add the written contract to his complaint. Further, even if the court's order could be construed as one under 9.2(F), the court could not properly dismiss the complaint for Wilson's failure to comply with-

out first ordering a hearing. *Yaksich v. Gastevich, supra.* The court did not do so. Thus, because Wilson's complaint adequately stated claims for negligence and breach of contract, and because summary dismissal of those claims was not warranted under T.R. 9.2, we hold that the court erred in dismissing Wilson's complaint against Commonwealth.

The trial court's judgment of dismissal is reversed, and the cause is remanded for further proceedings consistent with this opinion.

CONOVER, P.J., and MILLER, J., concur.