**ST. PAUL FIRE & MARINE INSURANCE COMPANY and Insurance Company of North America, Appellees–Appellants,**

**v.**

**PEARSON CONSTRUCTION COMPANY and United Mechanical Contractors, Inc., Appellants–Appellees.**

No. 49A04–8705–CV–152.

Court of Appeals of Indiana, Fourth District.

Dec. 12, 1989.

Opinion on Petition for Rehearing March 8, 1990.

James A. Goodin, Jon C. Abernathy, Goodin & Kraege, Indianapolis, for appellees-appellants.

Charles Gaddy, Gaddy & Gaddy, Rodney V. Taylor, Indianapolis, for appellants-appellees.

MILLER, Judge.

St. Paul Fire & Marine Insurance Company [St. Paul] and Insurance Company of North America [INA] (hereinafter referred to collectively as the Insurance Companies) paid $26,915.00 and $65,779.58 respectively for water damage to the property of their insured, J.C. Sipe [Sipe], a retail jeweler, allegedly caused by the failure of a valve in a cold water line in Sipe's tenant space in the AUL Tower, in Indianapolis. The Insurance Companies then brought this subrogation action against general contractor, Pearson Construction Company [Contractor] who contracted to do the finish work on Sipe's tenant space, and one of Contractor's subcontractor, United Mechanical Contractors [Subcontractor] who did the mechanical work and installed the valve, alleging negligence in the installation.[1]

After extensive discovery, Subcontractor filed a motion for summary judgment, claiming it was entitled to judgment as a matter of law because the work had been accepted by Sipe and there was no privity of contract between Subcontractor and Sipe. The motion was granted on September 2, 1986. INA filed a motion to correct error, which was denied, and INA appealed.[2]

---

1. The Insurance Companies also sued Robert Cougill, an engineer hired by Contractor to prepare plans and specifications for the mechanical work, CSO Architects (the architects for the AUL Tower), Grunau Co., Inc. (the mechanical contractor for the AUL Tower) and other parties connected with the construction or leasing of the AUL Tower. The claims against all of the other defendants were dismissed.

2. St. Paul did not file a motion to correct error and is not a party to this appeal against Subcontractor.

After Subcontractor's motion was granted, the Insurance Companies moved for summary judgment against Contractor, and Contractor also filed for summary judgment. The trial court granted the Insurance Companies motion and denied Contractor's motion. Contractor perfected this appeal.[3]

We affirm the trial court's denial of Contractor's summary judgment, reverse the grant of Subcontractor's summary judgment and the Insurance Companies' summary judgment and remand for further proceedings in accordance with this decision.

## ISSUES

We have rephrased the issues as follows:
I. Whether the trial court erred in granting summary judgment to Subcontractor, because Sipe was a third-party beneficiary of the contract between Contractor and Subcontractor;
II. Whether the trial court erred in denying Contractor's summary judgment, because Contractor is not liable for the negligence of Subcontractor which was an independent contractor; and
III. Whether the trial court erred in granting the Insurance Companies summary judgment against Contractor because there are material facts in issue.

## FACTS

In the spring of 1983, Contractor contracted with Sipe to do the finishing work on Sipe's tenant space in the AUL Tower in Indianapolis, Indiana. At that time, the AUL Tower, although substantially complete, was still under construction. Under the lease agreement between Sipe and AUL, Sipe was required to furnish its own heating, air conditioning and electrical systems, which were to be connected to the building's systems. The contract between Contractor and Sipe included the installation of these systems, as well as general decorating work such as installing carpeting. Contractor subcontracted with various contractors for portions of the work. Specifically, Contractor contracted with Subcontractor for the mechanical work.

As part of its work, Subcontractor installed an air vent valve in a cold water line. The water line was attached to one of the building's lines which carried water under high pressure. On August 20, 1983, after Contractor had completed work and Sipe had moved in, the valve failed, causing Sipe's space to be flooded and resulting in damage to Sipe's property. The valve was not rated for use on high pressure lines. The Insurance Companies paid for Sipe's property damage, pursuant to their insurance policies with Sipe.

Contractor also contracted with Robert Cougill, an engineer, who prepared plans and specifications to be used by Subcontractor. These plans were approved by the architect in charge of the construction of the AUL Tower. In his deposition, Robert Plummer, president of Contractor, testified he tried to get as-built plans and specifications for the basic building from the architects and contractors for the building, however he received no cooperation from them. Plummer indicated he believed they refused to cooperate because they wanted to do all of the finish work themselves. He also testified that he was unaware the pipes going into the Sipe tenant space were carrying water under high pressure, and that he believed it was unusual to have high pressure in a tenant area. He testified the plans drawn by Cougill did not indicate the pipes were carrying water under high pressure and he had not seen any other drawings which indicated the water was under high pressure. He also indicated that it was not possible to tell from the size or type of pipe used whether the water was under high pressure.

## DECISION

Initially, we note that this is a negligence action. The Insurance Companies complaints clearly charge negligence, not breach of contract. In its appellant's brief (in its appeal against Subcontractor), INA acknowledges that it is not claiming breach of contract. In addition, although there is a suggestion in St. Paul's brief that the Insurance Companies are claiming that Contractor breached its contract with Sipe, we note that, pursuant to Ind.Rules of Procedure, Trial Rule 9.2: "When any pleading allowed by these rules is founded on a written instrument, the original or a copy thereof, must be included or filed with the pleading." No copy of the contract between Contractor and Sipe was filed with

3. The two appeals were filed separately, we consolidated them at INA's request.

the pleading nor is the contract to be found in the record. Therefore, we will consider only principles based on a negligence theory in our decision.

## I. Subcontractor's SUMMARY JUDGMENT

INA claims the trial court erred in granting summary judgment to Subcontractor, because Sipe was a third-party beneficiary of the contract between Contractor and Subcontractor, and therefore, Subcontractor owed Sipe a duty to perform the contract in a workmanlike manner. Subcontractor argues that Sipe cannot maintain an action against it because: (1) Sipe accepted the work; and (2) Subcontractor was not in privity with Sipe.

■ Generally, a contractor is not liable to third parties for mere negligence after the work has been accepted by the owner.[4] *Citizens Gas & Coke Utility v. American Economy Insurance Co.* (1985), Ind., 486 N.E.2d 998. Subcontractor argues that it was not in privity with Sipe and under *Citizens Gas, supra,* cannot be liable to Sipe or its insurers. We disagree.

■ In *Citizens Gas,* Citizens Gas installed a water heater in a residence without installing a drain for water which might leak from the heater. The drain was required by the Uniform Plumbing Code. However the owner of the residence did not want the drain installed because it would be necessary to go through a concrete floor and would have been very expensive. Citizens Gas explained that the heater could leak and cause water damage to the residence, however the owner agreed to and did execute a waiver for any damage resulting from the lack of the drain. The owner later sold the house to a third party. The water heater leaked, causing damage to the new owner's property. Our supreme court held that because there was no privity between Citizens Gas and the new owner, Citizens Gas was not liable.

Subcontractor claims that Sipe, like the new owners in *Citizens Gas,* is a third party to whom it owes no duty. The Insurance Companies claim Sipe is a third-party beneficiary of the contract between Contractor and Subcontractor and a duty to perform the work in a workmanlike manner arose from the contract.

■ Third-party beneficiaries may directly enforce a contract. *Mogensen v. Martz* (1982), Ind.App., 441 N.E.2d 34. A third-party beneficiary contract exists when (1) the parties intend to benefit a third party; (2) the contract imposes a duty on one of the parties in favor of the third party; and the performance of the terms of the contract render a direct benefit to the third party intended by the parties to the contract. *Id.*

As the court in *Jackman Cigar Mfg. Co. v. John Berger & Son Co.* (1944), 114 Ind. App. 437, 445–46, 52 N.E.2d 363, 367 explained:

> To confer upon him the right to maintain an action based upon it, it must appear that it was the intention of one of the parties to it to require performance of some part of it in favor of such third party and for his benefit, and that the other party to the agreement intended to assume the obligations thus imposed. *Reed et al. v. Adams Steel & Wire Works et al.,* 1914, 57 Ind.App. 259, 106 N.E. 882. Such an intention must clearly appear from the terms of the contract itself, *E.I. DuPont DeNemours & Company, Incorporated v. Ferguson.* 1927, 86 Ind.App. 429, 158 N.E. 488, and the question of the intention of the contracting parties, as distinguished from their motives, which are not controlling, should be gathered from the terms of the contract itself, considered in its entirety against the background of the circumstances known to and shown to surround the contracting parties at the time of its execution, *Woodhead Lumber Co. v. E.G. Niemann, Investments,* 1929, 99 Cal.App. 456, 278 P. 913; *Hay v. Hassett,* 1916, 174 Iowa 601, 156 N.W. 734; *E. Nelson Mfg. & Lumber Co. v. Roddy,* Tex.Civ.App.1930, 34 S.W.2d 624, and see *Whicker v. Hushaw,* 1902, 159 Ind. 1, 64 N.E. 460, and if, when so considered, the terms of the agreement evinces an intention to benefit third parties, their right to recover under it must be granted, but if inconsistent therewith, must be denied. *Fosmire v. National Surety Co.,* 1920, 229 N.Y. 44, 127 N.E. 472.

Intent may be shown by naming a specific third party or a class of third parties. *Mogensen, supra.* We believe the contract in question evinces an intent to benefit

---

**4.** Because we conclude Sipe was a third-party beneficiary of the contract between Contractor and Subcontractor, we need not consider whether Sipe accepted the work.

Sipe. Sipe is referred to by name, as the party for whom the work is being done.

In addition, Section 15 states:

"Subcontractor and/or Material Supplier expressly warrants that all articles, material and work covered by this subcontract will conform to drawings, specifications, samples or other description furnished or adopted by the Contractor, and will be fit and sufficient for the purpose intended, merchantable, of good material and workmanship and free from defect. This warranty shall run to the Contractor, its successors, assigns, *customers* and the user of its products." (Our emphasis)

This section clearly imposes a duty in favor of Sipe, a customer, to perform the work in a workmanlike manner.

Finally, it is clear, that proper performance of the contract renders a direct benefit to Sipe. Sipe is to receive the benefit of the work to be done under the contract, and of the warranty.

■ Although the cases cited concern a third-party beneficiary's right to enforce a contract, a party may also use such status as the basis of a duty in a negligence context. In a contract for work, there is an implied duty to do the work skillfully, carefully, and in a workmanlike manner. Negligent failure to do so is a tort, as well as a breach of contract. 57 Am.Jur.2d, *Negligence* § 120. *See, Wilson v. Palmer* (1983), Ind.App., 452 N.E.2d 426. In *Wilson v. Palmer, supra,* Wilson, after discovering a house he had just purchased was subject to a demolition order, filed suit against the vendor and the title company which issued a report on the title. Wilson claimed he was a third-party beneficiary of the contract between the vendor and the title company. This court held that if Wilson was a third-party beneficiary, he could claim either negligence or breach of contract. Sipe, as a third-party beneficiary, may rely on the duty to do the work in a workmanlike manner which arises from the contract.

Therefore, we conclude the trial court erred in granting Subcontractor's motion for summary judgment and reverse.

### Denial of Contractor's Summary Judgment

■ Contractor argues it was entitled to summary judgment, because Subcontractor was an independent contractor, and Contractor cannot, as a matter of law, be held responsible for the negligence of an independent contractor.

■ Generally, one is not liable for the negligent acts or omissions of an independent contractor. *Allison v. Huber, Hunt & Nichols, Inc.* (1977), 173 Ind.App. 41, 362 N.E.2d 193. However, a party may be liable for the negligence of an independent contractor, if such party is charged with a specific duty by law or contract. *Id.* The Insurance Companies claim this exception applies in this case because Contractor agreed in its contract with Sipe to do the work on Sipe's tenant space.

When reviewing the denial of a summary judgment this court applies the same standards as the trial court. We look to the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits and testimony, if any, to determine whether there is any issue of material fact, and whether the moving party is entitled to judgment as a matter of law. Ind.Rules of Procedure, Trial Rule 56(C). *McMahan v. Snap On Tool Corp.* (1985), Ind.App., 478 N.E.2d 116. All evidence is construed in favor of the non-movant and the moving party has the burden of establishing there are no material facts at issue. *Willsey v. Peoples Federal Savings and Loan Ass'n* (1988), Ind.App., 529 N.E.2d 1199. Nevertheless, the non-movant may not rest on the allegations or denials of his pleadings, but must respond with affidavits or other evidence, setting forth specific facts showing there is a genuine issue in dispute. *Id.*

Here, there is no dispute that the valve failed, causing the water damage to Sipe's property or that Subcontractor installed the valve. The Insurance Companies claim Contractor was charged with a specific duty by its contract with Sipe. However, the contract between Contractor and Sipe is not in the record. Therefore, we are unable to determine whether Contractor was charged with any specific duty in regard to the work of independent subcontractors. Although an implied duty to do the work in a workmanlike manner arises from the contract, *Wilson, supra,* we have found no authority to support the proposition that such a duty extends to warranting

the work of an independent subcontractor absent a specific contract provision imposing such a duty. The Insurance Companies have failed to show any such provision, therefore, their argument must fail in this regard.

While we find that Contractor was not liable for the acts of Subcontractor, nevertheless, a trial court's judgment will be affirmed if it is sustainable on any theory or basis in the record. *Havert v. Caldwell* (1983), Ind., 452 N.E.2d 154, 157, and here, there is a separate basis for the charge of negligence against Contractor, independent of any negligence of the Subcontractor. In *Luxurious Swimming Pools, Inc. v. Tepe* (1978), 177 Ind.App. 384, 379 N.E.2d 992, (overruled on other grounds, *Berns Construction Co. v. Miller* (1987), Ind., 516 N.E.2d 1053), this court held that a contractor has a duty to discover defects in plans or specifications, that are reasonably discoverable or patent, and to warn the contractee or architect of the defects, even if the plans and specifications are supplied by the contractee. The same rule should apply when the plans and specifications are prepared by an independent contractor (in this case, Cougill) hired by the contractor.

Here, Plummer admitted in his deposition that he was unable to get the plans of the basic building and that it was generally a good idea to do so. However, he also testified that he believed it was unusual for water under high pressure to be pumped into a tenant area and that the plans drawn by Cougill were approved by the architect for the building. There is a genuine question of material fact concerning whether Contractor knew or should have known that the plans and specifications were defective. Therefore, the trial court did not err in denying Contractor's summary judgment action.

### Grant of Summary Judgment for the Insurance Companies

Contractor claims that the trial court erred in granting summary judgment for the Insurance Companies because it improperly relied on the affidavit of Frederick B. Morse (an engineer) which was attached to the Insurance Companies motion, and which allegedly contained inadmissible hearsay and legal conclusions.

The Insurance Companies argue that the trial court disregarded the affidavit, and therefore, Contractor has presented no issue for review. Although we agree that the record indicates the trial court disregarded the affidavit, we decline to affirm on the basis that Contractor has waived any error. In granting summary judgment the trial court entered the following order:

This cause came to be heard on the Motion of Plaintiff, St. Paul Fire & Marine Insurance Company, pursuant to Trial Rule 56, and the Court having considered the pleadings in the action, the depositions, the Answers to the Interrogatories, and the entire record in this case, *while disregarding the Affidavits tendered with Plaintiff's Motion*, and having heard the oral statements of counsel, and this Court having found and concluded:

1. That there are numerous contradictions of facts, however, each and every one of them are immaterial as to Defendant Pearson's [Contractor's] liability to Plaintiff, St. Paul Fire & Marine Insurance Company.

2. That there is no genuine issue of any material fact regarding Defendant Pearson's [Contractor's] liability to be submitted to the Court.

3. That Plaintiff, St. Paul Fire & Marine Insurance Company, is entitled to judgment as a matter of law.[5]

(Our emphasis)

The emphasized language clearly indicates the trial court disregard the affidavit. Therefore, we need not consider Contractor's argument that it contained inadmissible hearsay and legal conclusions.

The Insurance Companies argue that because Contractor has attacked the grant of summary judgment solely on the basis of the improper consideration of the affidavit (a clearly erroneous contention), it has presented no issue for appeal. This argument has some merit. Issues are waived if they are not raised in the motion to correct error, *Krueger v. Bailey* (1980), Ind.App., 406 N.E.2d 665, or argued in the appellant's brief. *Whisman v. Fawcett* (1984), Ind., 470 N.E.2d 73. However, we believe this case is analogous to *Hudson v. Tyson* (1980), Ind.App., 404 N.E.2d 636, in which, this court looked to the substance of

---

**5.** This order refers only to St. Paul's motion for summary judgment. The trial court also sepa- rately entered summary judgment for INA.

the appellant's argument, rather than the incorrectly designated legal theory argued. This court noted:

> Hudson incorrectly designated his attack as a challenge to the trial court's jurisdiction of the subject matter of the action. The trial court was statutorily empowered with subject-matter jurisdiction of Tyson's action. I.C. § 33–5–35–6 [Burns Code 1975 Ed.], repealed effective October 1, 1979 and replaced by I.C. § 33–5–35.1–4 [Burns Code Ed.1979 Supp.]. Therefore, as Tyson indicates, Hudson's assertion that the trial court lacked subject-matter jurisdiction is erroneous.
>
> However, the substance of Hudson's argument, at both the trial and appellate levels, attacks the judgment as contrary to law and unsupported by the evidence. Hudson's memorandum in support of his motion to correct errors fully informed both the trial court and Tyson of the substantive basis of his challenge, which basis remains the same on appeal. Hudson has therefore substantially complied with the purpose of Indiana Rules of Procedure, Trial Rule 59. *See Matter of Geake* (1980), Ind.App., 398 N.E.2d 1375; *Indiana Department of Revenue v. Frank Purcell Walnut Co.* (1972), 152 Ind.App. 122, 282 N.E.2d 336.

*Id.* at 639, n. 2.

▬▬▬ Here, the thrust of Contractor's argument, although inartfully drafted, is that, absent the affidavit, there is no substantive legal basis for the trial court's conclusion the Insurance Companies were entitled to summary judgment, or alternatively, that the affidavit merely raised genuine issues of fact. We are hesitant to affirm a grant of summary judgment, when, as here, we can discern no substantive legal basis for the trial court's judgment, and the record indicates there are material facts in issue. We note that in reviewing a grant of summary judgment, this court applies the same standard as the trial court, and must reverse if an unresolved issue of material fact appears in the record or the law was incorrectly applied to the undisputed facts. *Winona Memorial Foundation of Indianapolis v. Lomax* (1984), Ind.App., 465 N.E.2d 731. In addition, summary judgment procedure must be applied with caution so that a party's

right to a fair determination of a genuine issue of material fact is not jeopardized. *Perry v. Northern Indiana Public Service Co.* (1982), 433 N.E.2d 44. We will affirm if a trial court's judgment is sustainable on any theory or basis in the record. *Havert, supra.* Conversely, we should reverse if there is no basis in substantive law or the record for the judgment and the appellant's brief adequately demonstrates this contention. To do otherwise, would place form over substance and defeat the purpose of summary judgment procedure.

Here, we can find no basis for the trial court's judgment. As we noted, the Insurance Companies' complaint is based on negligence, not breach of contract.[6] Summary judgment is rarely appropriate in negligence cases. *Basset v. Glock* (1977), 174 Ind.App. 439, 368 N.E.2d 18. Here, there are genuine issues of material fact concerning whether Contractor was negligent in failing to obtain the plans and specifications for the AUL Tower as they related to his work, and knew or should have known that the plans and specifications were inadequate. Although Plummer testified it would have been better to obtain the plans for the basic building, he also testified it was unusual to supply water under high pressure to a tenant area, he could not tell from the pipes that the water was under high pressure, and the architect for the building approved the plans. This raises a genuine issue of material fact as to Contractor's negligence. Therefore, we reverse the grant of summary judgment to the Insurance Companies.

We affirm the trial court's denial of Contractor's summary judgment, reverse the grant of Subcontractor's summary judgment and the Insurance Companies' summary judgment and remand for further proceedings in accordance with this decision.

GARRARD, P.J., and CONOVER, J., concur.

## ON PETITION FOR REHEARING

United Mechanical Contractors [UMC] has filed its petition for rehearing in *St. Paul Fire & Marine Ins. Co. v. Pearson Construction Co.* (1989), Ind.App., 547 N.E.2d 853.

---

6. Even if the complaint could be read as alleging breach of contract, the Insurance Companies have failed to present any facts to support such a claim.

In *St. Paul Fire* we held that St. Paul Fire and Marine Insurance Co. and Reliance Insurance Co. as subrogees of J.C. Sipe were third party beneficiaries of a contract between Pearson Construction Co. (general contractor) and UMC (subcontractor). UMC claims our decision contravenes ruling precedent found in *Reynolds v. Louisville, New Albany and Chicago Railway Co.* (1895), 143 Ind. 579, 40 N.E. 410, which held that in order to be considered a third party beneficiary, a party must be expressly declared to be such a beneficiary in the contract. We grant rehearing in order to clarify this issue.

In reaching our decision we relied on two appellate decisions—*Mogensen v. Martz* (1982), Ind.App., 441 N.E.2d 34, and *Jackman Cigar Mfg. Co. v. John Berger & Son Co.* (1944), 114 Ind.App. 437, 52 N.E.2d 363. Both of these cases applied an "intent to benefit" test to determine third party beneficiary status, rather than the apparently stricter, express declaration test applied in *Reynolds, supra.* However, *Mogensen, supra* cited *Freigy v. Gargaro Co.* (1945), 223 Ind. 342, 60 N.E.2d 288, in which our supreme court applied the "intent to benefit" test. In addition, in *Nash Engineering Co. v. Marcy Realty Corp.* (1944), 222 Ind. 396, 54 N.E.2d 263 (cited in *Freigy, supra*) our supreme court explained the following language in *Irwin's Bank v. Fletcher* (1925), 195 Ind. 669, 672, 145 N.E. 869: "[the contract] must clearly evidence a distinct intention to benefit such third person," (language similar to that used in *Reynolds, supra,* which UMC claims applied a stricter test). Our supreme court stated: "We do not understand that the intention of the parties as to third party beneficiaries is to be treated by any stricter or different rule than their intention as to other terms of the contract." *Nash Engineering Co., supra,* at 416–17, 54 N.E.2d at 271. Therefore, *Reynolds, supra* has been explained and modified by implication. As we stated in our decision, the proper test is the "intent to benefit" test.

CONOVER, J., and GARRARD, J., concurring.

**1. Pretrial Procedure** ⟐33

Party seeking to avoid discovery has burden of establishing essential elements of privilege being invoked.