**GREEN RIDGE MINING, INC.,**
**Employer–Appellant,**

v.

The **INDIANA UNEMPLOYMENT IN-SURANCE BOARD, Members: Raymond L. Buchanan, Jr., P. Diane Jackson, W. Ken Massengill, Donald Schlehuzer, Howard Snyder, Edmund Thais, R. Scott Waddell, Max Wright, Nancy Young**

**and**

**Joseph L. Kivett, Acting Liability Referee for the Indiana Unemployment Insurance Board, Appellee.**

No. 93A02–8811–EX–423.

Court of Appeals of Indiana,
First District.

July 27, 1989.

John A. Hargis, Wagoner, Ayer & Hargis, Rockport, for employer-appellant.

Linley E. Pearson, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

RATLIFF, Chief Judge.

STATEMENT OF THE CASE

Green Ridge Mining, Inc. appeals the decision of the liability referee of the Indiana Employment Security Board, Employment Security Division in which the referee held that a $15,000 settlement payment to a former employee did not constitute deductible income under Indiana Code section 22–4–5–1, and that, therefore, the former em-

ployee's unemployment benefits would not be adjusted. We affirm.

## FACTS

Mark Kraus was employed by Green Ridge Mining, Inc. as a mechanic and a welder from October 4, 1984, to January 19, 1987. On that date Kraus was terminated by Green Ridge for an alleged bad attitude and inability to get along with his co-workers. On January 20, 1987, Kraus filed a claim for unemployment insurance benefits. The Indiana Department of Employment and Training Services determined that the claim was valid and Kraus began receiving unemployment benefits on January 31, 1987.

On February 9, 1987, Kraus filed a Complaint of Discrimination and Application for Reinstatement before the Federal Mine, Safety and Health Review Commission, United States Department of Labor (MSHA). Kraus claimed he was dismissed because Green Ridge was cited by MSHA for failing to report to MSHA an injury incurred by Kraus at the workplace. Green Ridge contested Kraus' claim. On July 9, 1987, Kraus and Green Ridge entered into an agreement under which Green Ridge paid Kraus $15,000 and Kraus dropped the complaint against Green Ridge.

On January 29, 1988, Kraus filed a second claim for unemployment insurance benefits upon expiration of his prior claim. Once again the Department determined that Kraus' claim for benefits was valid.

Green Ridge protested the past and present claims for unemployment compensation made by Kraus which resulted in a hearing before a Referee on October 11, 1988. Green Ridge claimed that the $15,000 payment made to Kraus according to the July 9, 1987, agreement constituted deductible income under Indiana Code section 22-4-5-1. On October 17, 1988, the Referee held that the $15,000 payment did not constitute deductible income, but rather the payment was made in consideration of Kraus' dismissal and the release of Kraus' complaint against Green Ridge. From this decision, Green Ridge appeals pursuant to

Indiana Code sections 22-4-32-7, 22-4-32-8, and 22-4-32-9.

## ISSUE

While Green Ridge raises several issues on appeal we find the following issue to be dispositive:

Did the $15,000 payment made to Kraus by Green Ridge pursuant to the July 9th agreement constitute deductible income under I.C. § 22-4-5-1?

## DISCUSSION AND DECISION

Green Ridge claims that the trial court erred in finding that the $15,000 payment made to Kraus did not constitute deductible income under I.C. § 22-4-5-1. The relevant statute reads as follows:

"Sec. 1. (a) 'Deductible income' wherever used in this article, means income deductible from the weekly benefit amount of an individual in any week, and shall include, but shall not be limited to:

(1) remuneration for services from employing units, whether or not such remuneration is subject to contribution under this article, except as provided in subsection (c);

(2) dismissal pay;

(3) vacation pay;

(4) pay for idle time;

(5) holiday pay;

(6) sick pay;

(7) traveling expenses granted to an individual by an employing unit and not fully accounted for by such individual;

(8) net earnings in lieu of compensation for services;

(9) payments in lieu of compensation for services;

(10) awards by the national labor relations board of additional pay, back pay or for loss of employment; or any such payments made under an agreement entered into by an employer, a union, and the national labor relations board; or

(11) payments made to an individual by an employing unit pursuant to the terms of the Fair Labor Standards Act

(Federal Wage and Hour Law, 29 U.S.C. 201 et seq.)."

Green Ridge does not claim that the payment made to Kraus falls under any specific provision of this statute, rather, "the Employer's position is that the payment falls within the spirit and letter of I.C. § 24–4–5–1(a)." Appellant's brief at 12.

Green Ridge correctly notes that the statute does not provide an all-inclusive enumeration of items to be considered deductible income. *Frost v. Review Bd.* (1982), Ind.App., 432 N.E.2d 459, 460. However, "the unmistakable intent of the General Assembly [was] to preclude a person from retaining a windfall in the form of benefits to replace income lost during a period of unemployment when that person has received in back pay an amount equal to the lost income." *Id.* at 461. Therefore, in order for Green Ridge to demonstrate that the payment "falls within the spirit and letter of IC § 24–4–5–1(a)," the corporation must show that the payment made to Kraus was intended to replace income lost during a period of unemployment. Green Ridge has failed to convince this court that the $15,000 was paid to Kraus for this purpose.

Green Ridge cites *Frost* in support of its position. In *Frost*, the employee received almost $8,000 pursuant to her grievance complaint and the resulting arbitration award. *Frost*, 432 N.E.2d at 460. The court of appeals noted that the arbitration award specifically designated the payment as back pay. *Id.* The court of appeals then held that Frost's award of back pay fits "well within the definition of deductible income as it is developed by the enumerated examples." *Id.* at 461.

Unlike the arbitration award in *Frost*, the specific language of the settlement agreement entered into by Green Ridge and Kraus does not support a conclusion that Kraus was being compensated for income lost during a period of unemployment. Rather, the agreement states in pertinent part:

"2. Respondent shall pay to Claimant the sum of Fifteen Thousand Dollars ($15,000.00), to be paid contemporaneously with the execution of this Consent Agreement by Applicant, it being understood that the execution of pleadings for dismissal of this cause with prejudice shall follow immediately.

"4. In consideration of the payment of said sum of Fifteen Thousand Dollars ($15,000.00), the receipt of which is hereby acknowledged, Applicant, and his heirs, legal representatives, successors and assigns, expressly releases Respondent from any and all liability for known claims and demands, or for claims and demands which could be ascertained upon reasonable inquiry, arising out of or relating to the employment of Applicant by Respondent, said employment having commenced on October 4, 1984 and having terminated on January 19, 1987; Applicant forever covenants and agrees not to sue and not to institute and claim, action, or suit administratively, or at law or in equity, and not to institute or prosecute or in any way aid in the institution or prosecution of any claim, demand, action or cause of action against Respondent or its affiliates, officers, directors, employees, servants, agents, legal representatives, successors or assigns, arising out of or relating to the employment of Applicant by Respondent, with the understanding that this covenant and agreement relates to known claims, demands, actions or causes of action or claims, demands, actions or causes of action which could be ascertained upon reasonable inquiry."

Record at 45. As stated by the Referee, Green Ridge paid Kraus $15,000, "in consideration for claimant's dismissal of such complaint and release of employer from any known claim of claimant against employer concerning his employment at employer." Record at 45. We think it important to note that pursuant to a complaint of discrimination a claimant may be awarded far more than back wages should a company be found guilty of discriminating practices. *See* 30 U.S.C.S. § 815. Furthermore, an adverse ruling in a discrimination suit could cause a company to be investigated resulting in the possible assessment of penalties by MSHA. While we are

aware that the consent agreement entered into by Green Ridge and Kraus specifically notes that nothing contained in the agreement, including the payment made to Kraus, was to be considered an admission of liability on the part Green Ridge, we nonetheless consider the removal of any possibility of a later finding of liability on the discrimination charge to be of value to Green Ridge.

Green Ridge paid Kraus to dismiss the discrimination suit, not to compensate Kraus for income lost due to unemployment. Therefore, the payment should not be considered deductible income under I.C. § 22–4–5–1(a).

Affirmed.

ROBERTSON and STATON, JJ., concur.