TONN & BLANK, INC., an Indiana Corporation, Appellant (Plaintiff Below),

v.

BOARD OF COMMISSIONERS OF LA-PORTE COUNTY, Indiana; Southern Steel Company; et al., Appellees (Defendants Below).

No. 37A03–8907–CV–00298.

Court of Appeals of Indiana, Third District.

May 21, 1990.

Patrick E. Donoghue, Sweeney, Dabagia, Donoghue & Thorne, Michigan City, for appellant.

Leon R. Kaminski, Mark A. Lienhoop, Newby, Lewis, Kaminski & Jones, LaPorte, for appellees.

HOFFMAN, Presiding Judge.

Appellant Tonn & Blank, Inc. appeals a summary judgment in favor of Southern Steel Company. The facts indicate that on January 20, 1975 the Board of Commissioners of LaPorte County entered into two separate contracts for the construction of the LaPorte County Annex and Security Center. Tonn & Blank agreed to provide demolition of the old jail and general construction of the new facility. Southern Steel agreed to provide the detention equipment for the new facility. Tonn & Blank and Southern Steel were parallel prime contractors for the construction project.

On June 9, 1981, Tonn & Blank filed an amended complaint against the Board of Commissioners and Southern Steel. The complaint alleged that delays by Southern Steel during the construction project caused Tonn & Blank damages. An Indiana Court of Appeals memorandum decision affirmed the trial court's summary judgment in favor of the Board of Commissioners. *Tonn and Blank v. Board of Commissioners of LaPorte County* (1983), Ind.App., 455 N.E.2d 1181. On December 1, 1988, the trial court granted summary judgment in favor of Southern Steel and this appeal ensued.

When reviewing a grant of summary judgment, the court determines whether there is any issue of material fact and whether the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C).

In the present case, the Board of Commissioners entered into separate contracts with Tonn & Blank and Southern Steel. Tonn & Blank was not a party to Southern Steel's contract with the Board, and Southern Steel was not a party to Tonn & Blank's contract with the Board. The contracts did not specify a completion date but stated that the project was to be completed in an expeditious manner, with continuous, responsible progress and reasonable promptness.

Southern Steel argues that Tonn & Blank is a third party to whom it owed no duty. Tonn & Blank contends that Southern Steel owed a duty as a third-party beneficiary.

*Mogensen v. Martz* (1982), Ind. App., 441 N.E.2d 34, ruled that a third-party beneficiary contract exists when (1) the parties intend to benefit a third party; (2) the contract imposes a duty on one of the parties in favor of the third party; and (3) the performance of the terms of the contract render a direct benefit to the third party intended by the parties to the contract. *Id.* at 35. The intent to benefit test requires that the contract evidence an intention to benefit a third person. Such an intention must clearly appear in the terms of the contract. Intent may be shown by naming a specific third party or a class of third parties. *St. Paul Fire & Marine v. Pearson Const.* (1989), Ind.App., 547 N.E.2d 853, on rehearing (March 8, 1990), No. 49A04–8705–CV–152. *Barth Electric Co. v. Traylor Brothers, Inc.* (1990), Ind. App., 553 N.E.2d 504, held that separate, primary construction contracts executed by all prime contractors contained a mutual responsibility clause creating third-party beneficiary rights in favor of all other prime contractors.

The contracts between the Board of Commissioners and the parallel prime contractors contained the following provision:

"6.1 OWNER'S RIGHT TO AWARD SEPARATE CONTRACTS

6.1.1 The Owner reserves the right to award other contracts in connection with other portions of the Project under these or similar Conditions of the Contract.

6.1.2 When separate contracts are awarded for different portions of the Project, 'the Contractor' in the contract documents in each case shall be the contractor who signs each separate contract.

## 6.2 MUTUAL RESPONSIBILITY OF CONTRACTORS

6.2.1 The Contractor shall afford other contractors reasonable opportunity for the introduction and storage of their materials and equipment and the execution of their work, and shall properly connect and coordinate his Work with theirs." [Emphasis added.]

The contract expresses the parties' intention to benefit other contractors with properly coordinated and connected work. The contract imposes a duty on a contractor to properly connect and coordinate their work with other contractors. A properly connected and coordinated construction sequence would provide a direct benefit to other contractors. The trial court erred in granting summary judgment in favor of Southern Steel.

The present case differs from *Reed v. Adams Steel and Wire Works* (1914), 57 Ind.App. 259, 106 N.E. 882. In that case, the Lake County Board of Commissioners separately contracted with John W. Reed and Adams Steel and Wire Works for the reconstruction of the Lake County Jail. The project was to be completed by September 1, 1909. John W. Reed alleged in a complaint that delays by Adams Steel caused him damages. The appeals court ruled that Adams Steel owed no duty to Reed and a third-party beneficiary contract did not exist. The contracts between the Lake County Board of Commissioners and the contractors stated the following:

"All the materials and labor to be furnished by the second party and not governed by the foregoing schedule, shall be furnished at such time as may be for the best interest of all contractors concerned, to the end that the combined work of all may be all fully completed on contract time."

57 Ind.App. at 262, 106 N.E. at 883–884.

The contract imposed no express duty on the contractors to connect or coordinate their work. The contract sought only to have the work completed by September 1, 1909 for the benefit of the Lake County Board of Commissioners. In the present case, a third-party beneficiary contract existed and the trial court erred in granting summary judgment in favor of Southern Steel.

Reversed.

RATLIFF, C.J., and STATON, J., concur.