John WILLETT, Appellant,

v.

REVIEW BOARD OF THE INDIANA DEPARTMENT OF EMPLOYMENT AND TRAINING SERVICES; Mable Martin–Scott, Chairperson; George H. Baker, Member; Mark T. Robins, Member; and Laketon Refining Corp.; Appellees.

No. 93A02–9307–EX–398.

Court of Appeals of Indiana,
Fifth District.

April 11, 1994.

Transfer Denied July 27, 1994.

John M. Willett, pro se.

Mitzi H. Martin, Baker & Daniels, Indianapolis, for appellees.

SHARPNACK, Chief Judge.

John M. Willett appeals the decision of the Unemployment Insurance Review Board affirming the finding of the administrative law judge that Willett was not entitled to receive unemployment compensation benefits. We affirm.

Willett presents six issues for our review, which we consolidate and restate as follows:

1. whether a lump-sum severance payment from a third party through the claimant's employer is deductible income for the purpose of determining entitlement to unemployment benefits;

2. whether Willett was denied procedural due process by the Review Board; and

3. whether the Review Board's decision is supported by sufficient evidence.

On January 29, 1993, Willett was laid off from his job as a heater fireman with Laketon Refining Corporation ("Laketon") after

approximately six years of employment. Willett's layoff, and that of other Laketon employees, was the result of a dispute between Laketon and Tecumseh Pipe Line Company ("Tecumseh"), on whose facilities Laketon depended for delivery of crude oil. As part of his severance package, Willett received two months' severance pay, to be paid weekly, as a result of negotiations between Laketon and the employees' union.

The two months of severance payments stopped at the end of March, 1993, and Willett applied for unemployment benefits, which he received in the sum of $181 per week through the week ending April 24, 1993. Laketon, which had settled its lawsuit against Tecumseh, subsequently provided from the settlement a lump-sum payment equal to ten months' salary to each of the laid-off employees. The lump-sum checks, issued on April 26, 1993, were written on Laketon's account. Upon receiving the check, Willett informed the unemployment office and was then denied further unemployment benefits by decision of the claims deputy. Willett appealed the decision to the administrative law judge on May 14, 1993, and was granted a consolidated hearing with four other similarly situated claimants. The hearing took place on June 1, 1993, and resulted in the deputy's decision being modified only to the extent that rather than being considered unemployed but ineligible for benefits, Willett would not be considered unemployed during the period covered by the severance package and the lump-sum payment. Willett then appealed to the Unemployment Insurance Review Board, which in its decision of June 21, 1993, adopted the findings of fact and conclusions of law of the administrative law judge and affirmed her decision.

▮▮▮ When reviewing a decision by the Review Board, we must determine whether the decision of the Board is reasonable in light of its findings. *Blackwell v. Review Board of Ind. Dep't of Employment and Training Serv.* (1990), Ind.App., 560 N.E.2d 674. We may examine only the evidence and reasonable inferences drawn therefrom which would support the Board's decision. *Id.* We must accept the facts as found by the Review Board unless its findings fall within one of the exceptions for which this court may reverse.[1] *Id.* at 677. This court may reverse the Review Board's decision if reasonable persons would be bound to reach a conclusion different than that reached by the Board based on the evidence before the Board. *Best Lock Corp. v. Review Board of Ind. Dep't of Employment and Training Serv.* (1991), Ind.App., 572 N.E.2d 520, 522.

## I

Willett first argues that the lump-sum award of severance pay from Tecumseh through Laketon should not be considered deductible income for the purposes of determining entitlement to unemployment benefits.

▮▮▮ Under Indiana Code § 22–4–15–4, an individual is ineligible for unemployment compensation for any week in which the individual receives income equal to or greater than his benefit amount. This "deductible income" includes, inter alia, vacation pay, pay for idle time, holiday pay, sick pay, and dismissal pay. I.C. § 22–4–5–1(a). When the payment of deductible income is made in a lump sum,

"[t]he payment of accrued vacation pay, dismissal pay, or severance pay to an individual separated from employment by an employing unit shall be allocated to the period of time for which such payment is made immediately following the date of separation, and an individual receiving such payments shall not be deemed unemployed with respect to a week during

---

1. The exceptions, listed in *Blackwell,* are (1) the evidence on which the Review Board based its finding was devoid of probative value, (2) the quantum of legitimate evidence was so proportionately meager as to lead to the conviction that the finding does not rest upon a rational basis, (3) the result of the hearing before the Review Board was substantially influenced by improper considerations, (4) there was no substantial evidence supporting the findings of the Review Board, (5) the order of the review Board, its judgment, or finding, is fraudulent, unreasonable, or arbitrary, and (6) the Review Board ignored competent evidence. *Blackwell,* 560 N.E.2d at 677 (quoting *Shortridge v. Review Board of the Indiana Employment Security Div.* (1986), Ind.App., 498 N.E.2d 82, 87).

which such allocated deductible income equals or exceeds the weekly benefit amount of his claim."

I.C. § 22–4–5–2(a). In other words, a claimant is ineligible for unemployment compensation during any week in which his allocated deductible income is as high or higher than his benefit amount. In the present case, the claims deputy determined that the lump-sum payment received by Willett through Laketon's settlement with Tecumseh was allocable through January 29, 1994, and that he would therefore be ineligible for benefits until that time.

■ Willett contends that the lump-sum award should be considered under the category of "bonuses, gifts, or prizes awarded to an employee by an employing unit" under Ind.Code § 22–4–5–1(c), in which case the lump sum would not be includible in deductible income. Willett asserts that the lump-sum payment constituted an "award" provided by the settlement between Laketon and Tecumseh. Willett states that "[w]hen Laketon and Tecumseh reached a settlement-agreement, Laketon's laid-off employees then became 'due' to whatever terms of that agreement that applied to them." Appellant's Brief at 6.

The record indicates, as noted above, that the lump-sum payment resulted from the settlement of Laketon's lawsuit against Tecumseh. By court order, the terms of the settlement may not be disclosed, and there is no information in the record showing Tecumseh's intention concerning the payments or Laketon's obligations under the settlement to its employees or to Tecumseh. The record evidence on this issue consists primarily of two items: (1) the testimony of Lewis Davis, executive vice president of Laketon, who testified that the lump-sum payment "amounted to approximately 1 years [sic] severance, including the money that they had ready [sic] received," (Record, p. 19) and (2) a copy of the letter, similar to the one Willett received, that accompanied the lump-sum payment checks. The text of the letter, dated April 26, 1993, reads in pertinent part as follows:

"As we advised you at the time of your layoff, we have been negotiating with Tecumseh Pipe Line company to get you additional severance pay. Our negotiations have been successful.

Enclosed you will find a check which represents the additional severance pay we received for you from Tecumseh Pipe Line Company. This check, along with the payments we have already made to you, represents approximately 12 months severance pay."

Record, p. 56. On its face, this letter indicates Laketon's intention that the lump-sum payment be treated as severance pay. Willett urges us, however, to interpret the above letter as indicating an award to the employees from Tecumseh as a third party, with Laketon merely acting as a conduit for the funds. We disagree.

Davis testified that Tecumseh had no connection with Laketon other than the fact that it owned the pipe line through which crude oil went to Laketon's refinery; no other relationship existed. Record, p. 47. No evidence was presented that Tecumseh owed any contractual duty to Laketon's employees to provide severance pay or any other termination benefits. Tecumseh did owe a contractual duty to Laketon, however, and it was this duty that formed the basis of the settlement agreement. Laketon's employees, therefore, were at most intended third-party beneficiaries of the settlement agreement. See *Tonn & Blank, Inc. v. Board of Commissioners of LaPorte County* (1990), Ind.App., 554 N.E.2d 827 (third-party-beneficiary contract exists when parties intend to benefit third party, contract imposes duty on one of parties in favor of third party, and performance of terms of contract render direct benefit to third party intended by parties to contract). We see no reason, however, for this fact to alter the character of the lump-sum payment from severance pay to some other form of award.

Indiana courts have generally treated lump-sum payments of termination pay as deductible income allocable as wages over a specified period of time. *Schenley Distillers, Inc. v. Review Board of Ind. Employment Security Div.* (1953), 123 Ind.App. 508, 112 N.E.2d 299 (termination pay received in a lump sum in lieu of notice of termination);

*see also Frost v. Review Board of Ind. Employment Security Div.* (1982), Ind.App., 432 N.E.2d 459, *Hoosier Wire Die v. Review Board of Ind. Employment Security Div.* (1978), 175 Ind.App. 274, 370 N.E.2d 1343 (a lump-sum award of retroactive pay); and *Lincoln Nat. Bank v. Review Board of Ind. Employment Security Div.* (1983), Ind.App., 446 N.E.2d 1337 (a lump-sum settlement of pension benefits). Where a claimant settled a discrimination lawsuit against his employer, however, the settlement was not considered deductible income. Unlike the present case, however, the lump sum was paid as consideration—that is, it was payment for the claimant's dismissal of the suit. *Green Ridge Mining v. Ind. Unemployment Insurance Board* (1989), Ind.App., 541 N.E.2d 550.

Willett cites the Illinois case of *Kroger Co. v. Blumenthal* (1958), 13 Ill.2d 222, 148 N.E.2d 734, for the proposition that a lump-sum severance payment received upon termination of employment is compensation for past employment, and thus should not be considered deductible income. This Illinois case is neither persuasive nor pertinent here; in citing to other states which have considered the issue, the opinion includes Indiana among those states "where the applicable statutory provision has differed so substantially from ours that the decisions do not assist us here." *Id.* 148 N.E.2d at 736.

Willett has failed to demonstrate why the source of the funds distributed by Laketon as lump-sum severance payments should have any effect upon the treatment of those payments as deductible income. Accordingly, we affirm the determination of the Review Board that the lump-sum severance payment received by Willett was deductible income.

## II

Willett argues next that he was denied due process because the Review Board failed to include his application to leave to introduce additional evidence to the Review Board, which the Review Board denied, in the record.

■■■ The burden is on appellant to establish a complete and accurate record. *Hale v. Review Board of Ind. Employment*

*Security Div.* (1983), Ind.App., 454 N.E.2d 882, 884. There is a presumption that a complete record has been provided, and this presumption is particularly strong where the transcript involved has been certified as true and complete, as in the present case. *Id.* On appeal from a Review Board determination, an incomplete or erroneous record may be corrected through procedures provided by Ind.Appellate Rule 7.2(C). This Willett has failed to do, and Willett may not now impeach the accuracy of the record as a means to reverse the Review Board's decision. *Ladd v. Review Board of Ind. Employment Security Div.* (1971), 150 Ind.App. 632, 276 N.E.2d 871, 875.

## III

Willett argues next that the Review Board's decision was supported by insufficient evidence in that (1) the Review Board ignored competent evidence and (2) the evidence upon which the Review Board relied was devoid of probative value. As noted above, we may reverse the Review Board's decision if reasonable persons would be bound to reach a conclusion different than that reached by the Board based on the evidence before the Board.

■■■ Willett contends first that the Review Board ignored competent evidence when it denied Willett's request to introduce additional evidence to the Review Board. The evidence that Willett sought to introduce "showed court documents stating that Laketon and Tecumseh reached a settlement-agreement on November 3, 1992, and was in fact settled out of court." Appellant's Brief at 9. In its decision, the Review Board stated that it denied Willett's request because "there is no showing that said evidence was unavailable at the time of the Administrative Law Judge hearing or that any of [Willett's] rights have been denied." Record, p. 7. Under the Indiana Administrative Code, Review Board hearings are "confined to the evidence submitted before the referee unless the same is an original hearing." 640 IAC 1-11-8. The Review Board may hear additional evidence upon its own motion or upon written application of either party upon a showing of "good reason why such addition-

al evidence was not procured and introduced at the hearing before the referee whose decision forms the basis of the appeal." *Id.* The admission of such additional evidence is within the Review Board's discretion, and Willett has failed to demonstrate that the Review Board abused its discretion in denying his request to admit additional evidence.

Willett also claims that the Review Board's decision is based upon evidence that is devoid of probative value. Upon a review of the evidence in the record, some of which is described in our discussion under Issue I, we cannot agree. The central issue in this case—whether the lump-sum payment from Tecumseh through Laketon should be treated as allocable deductible income—was the subject of documentary evidence and of testimony before the administrative law judge by Davis, Willett, and others. We cannot say that reasonable persons would be bound to reach a conclusion different than that reached by the Review Board based on this evidence. We therefore must affirm the Review Board's decision.

AFFIRMED.

FRIEDLANDER and RUCKER, JJ., concur.